O’NIELL, C. J.
 

 I concur in the decree affirming the judgment appealed from, because this interpretation of the typewritten rider, which is ambiguous, is the more reasonable of the interpretations contended for. I do not agree, however, that the stipulation that the company should not be liable for a greater proportion of
 
 any agreed amount of loss or damage
 
 than ten-fourteenths, furnishes conclusive proof that the loss was to be ascertained by deducting the value of the salvage from the
 
 actual
 
 cash value of the property at the time the loss occurred. The expression, “Any agreed amount of loss or damage,” might well mean any agreed amount of loss or damage less than a total loss of $14,000. The only question or doubt about the contract is whether the parties intended that the “agreed amount of loss or damage,” of which the company was liable for ten-fourteenths, should be ascertained by deducting the value of the salvage from the actual cash value of the property at the time of the loss, or should be ascertained by deducting the value of the salvage from the arbitrary valuation of $14,000. One reason 'for believing that the arbitrary valuation of $14,000 was not intended to be the basis for ascertaining “the agreed amount of loss or damage” is that this arbitrary val-
 
 *1101
 
 nation was so far below the actual -value of the property that the company would not have been liable at all except in case of an exceedingly great loss or damage, if the “agreed amount of loss or damage” was to be ascertained by deducting the value of the salvage from $14,000. If that was the intention it could and shoúld have expressed plainly. As the ambiguous clause was written by the company, it ought to be construed not in favor of but against the company. Article 1957 of the Civil Code declares that any doubtful clause in a contract must be interpreted against the party who has contracted the obligation, and article 1958 declares that, if the doubt or obscurity has arisen from the want of a necessary explanation which one of the parties ought to have given, the construction most favorable to the other party should be adopted, whether he be obligor or obligee. My belief is that the arbitrary valuation of $14,000 was intended merely to express the idea that the $10,000 of insurance represented the company’s ten-fourteenths, and that the insured was carrying four-fpurteenths of the risk on the supposed value of the property, and that, to the maximum extent of $10,000, the company was liable for ten-fourteenths of any actual loss or damage which the insured might sustain.